IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 4:13-CR-00147-7 |
| v. | ) | |
| | ) | |
| MO YUN | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MO YUN'S MOTION FOR BILL OF PARTICULARS**

The UNITED STATES OF AMERICA submits the following response to defendant Mo Yun's motion to sever, Dkt. 97.

## BACKGROUND

On July 1, 2014, defendant, Mo Yun (Yun), was arrested in Los Angeles, California pursuant to criminal complaint. At the time of her arrest, Yun was preparing to board a flight leaving the United States. On July 2, 2014, the United States Grand Jury for the Southern District of Iowa returned a detailed, twenty-four page, superseding indictment in which the defendant, Yun, and six co-defendants were charged with conspiracy to steal trade secrets in violation of Title 18, United States Code, § 1832.

After a contested detention hearing in California, the parties stipulated to terms providing for the expedited transport of Yun to the Southern District of Iowa. On July 10, 2014, Yun personally appeared for arraignment in the Southern District of Iowa and entered a plea of not guilty. Jury trial was scheduled for

December 1, 2014.[1]

The initial discovery order required the government to provide Rule 16 discovery by July 24, 2014. On July 17, 2014, a contested detention hearing was held before District Court Judge Robert W. Pratt. Prior to said detention hearing, the government provided the defense with several instant messages, referenced in both the complaint and first superseding indictment, in which Yun was a participant.

The government has supplemented discovery on several occasions since its initial disclosure. On July 24, 2014, the government provided Yun with nine DVD's and two external hard drives containing thousands of pages of information relevant to the government's investigation and the first superseding indictment. On July 31, 2014, the government supplemented its response with an additional DVD and external hard drive of discovery material.

On August 28, 2014, Yun filed a motion for bill of particulars. More specifically, Yun asks the court to require the government to set forth with specificity:

- The specific seeds purported to have been misappropriated by Ms. Mo and/or her alleged co-conspirators, identified by company (Monsanto, Pioneer, etc.), model number and year developed.
- The specific aspect of each seed that is alleged to have been a trade secret (or that the defendants are alleged to have believed was a trade secret).

[1] The December 1, 2014 trial date was previously scheduled during a pretrial status conference for co-defendant Mo Hailong before Magistrate Judge Celeste F. Bremer on April 30, 2014.

- Whether the particular seeds at issue were inbred, hybrid, and/or genetically modified.
- The specific locations, including the address, owner, and other identifying information, from which the co-conspirators are alleged to have acquired the seeds in question, whether it was a growing field, seed store, or other source.
- The specific security measures purported to have been in place at those locations at the time of the alleged misappropriation.

## ARGUMENT

The purpose of a bill of particulars is "to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), *cert. denied*, 513 U. S. 831 (1994); *see also Wong Tai v. United States*, 273 U.S. 77, 82 (1927). If the indictment sufficiently alerts the defendant of the nature of the charges, a bill of particulars is not necessary. *See, e.g., United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993); *United States v. Finn*, 919 F. Supp. 1305, 1326 (D. Minn. 1995).

A bill of particulars is not a "tool for discovery," and it should not be used to require "detailed disclosure of the government's evidence at trial." *Wessels*, 12 F.3d at 750; *see also Finn*, 919 F. Supp. at 1325 ("[A] bill of particulars is not intended to be a substitute for discovery, nor is it intended to provide information which the Defendant might regard as generally helpful, but which is not essential to his defense," citations omitted). In other words, "[a]cquisition of evidentiary detail is not the function of a bill of particulars." *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) (citation omitted). Once filed, a bill of particulars limits the

Government's proof at trial to the particulars it has specified. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir.1965).

"Full discovery ... obviates the need for a bill of particulars," *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979). Thus, a bill of particulars "should not issue where the specifics requested by the Defendants are readily available elsewhere." *Finn*, 919 F. Supp. at 1325.

It is also settled that "[t]he purpose of a bill of particulars is to secure facts, not legal theories." *Kempe v. United States*, 151 F.2d 680, 685 (8th Cir. 1945); *see also United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial," citations and internal quotation omitted); *United States v. Ansani,* 240 F.2d 216, 223 (7th Cir.) (bill of particulars properly denied where defendant "attempted to secure legal theories, not facts"), *cert. denied*, 353 U. S. 936 (1957).

## I. The defendant is not entitled to a bill of particulars.

In *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), the court stated:

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980). An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *Id.*

In applying this standard to motions for a bill of particulars, courts often examine whether the indictment provides the essential elements of the offense charged, the level of detail contained in the indictment about the charge, whether the indictment is sufficient to protect the defendant's double jeopardy rights, whether the indictment adequately informs the defendant of the issues to be faced at trial, and whether the defendant has raised any specific problems in preparing for trial which require more specificity. *See United States v. Hocks*, No. 07-4009-CR-C-SOW, 2009 WL 1851311, at *2 (W.D. Mo. June 29, 2009). "A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

As previously discussed, the sole count of the superseding indictment charges Yun and six co-defendants with conspiracy to steal trade secrets in violation of Title 18, United States Code, § 1832. In order to prove this allegation, the government must prove beyond a reasonable doubt that a defendant conspired to misappropriate or convert what he or she believed to be a trade secret from its owner with the intent to convert said trade secret to the economic benefit of anyone other than the owner. *United States v. Hsu*, 155 F.3d 189, 195 (3rd Cir. 1998). The government must also prove a defendant intended or knew the theft would injure the owner of the trade secret. *Id.*

In addition to setting forth the elements of the offense (FSI 11-12), the twenty-four page first superseding indictment provides extensive detail about the charged offense. The introductory allegations provide background information

about the alleged defendants, the companies the defendants work for, and the victim companies targeted by the conspiracy. (FSI 1-4). Moreover, the indictment provides extensive detail about the corn breeding process and the intellectual property (trade secrets) it creates. (FSI 4-8).

Far from broad, the indictment not only defines the trade secrets at issue, it identifies common ways in which inbred seeds are stolen and sets forth with specificity the ways in which the victim companies take steps to protect their intellectual property. (FSI 4-10). The indictment specifically alleges the manner and means utilized by the defendants to violate the statute. (FSI 12). Finally, the indictment sets forth 49 overt acts allegedly committed by identified members of the conspiracy on specific dates.

As argued in her motion for bill of particulars, Yun's complaint concerns the failure of the indictment to allege the specific trade secrets involved and the specific steps taken by the victim companies to protect said secrets. However, it is important to understand the government is not required to prove the existence of an actual trade secret in order to sustain a conviction for conspiracy to steal trade secrets. *Hsu*. at 198. Rather, the government need only prove an agreement with the intent to steal a trade secret to sustain a conspiracy conviction. *Id.*

Moreover, the government is not required to prove the specific security measures undertaken by the victim seed companies, and the defendant is not entitled to know them now. "Defendant need not have been aware of the particular security measures" as long as she "knew that the information [she conspired to

steal] was proprietary." *United States v. Krunmei*, 258 F.3d 535, 539 (6th Cir. 2001).

The defendant cites *United States v. Liew*, 2013 WL 2605126 (N.D.Cal. 2014) (unpublished) as a similarly charged case where the district court ordered the government to provide a bill of particulars to further specify the trade secrets involved in Count 3 (attempted economic espionage) and Count 5 (attempted theft of trade secrets) of the indictment. *Id.* 2-3, 8. However, the allegations in Counts 3 and 5 of the *Liew* indictment are very different from the sole allegation against Yun. More specifically, both Count 3 and 5 of the Liew indictment allege an *attempt* to steal a specific trade secret (Trade Secret 1). *Id.* 2-3. (emphasis added). In fact, said indictment not only identifies the specific trade secret by name, it identifies the product containing the trade secret.

In contrast, the allegations against Yun allege a conspiracy to steal trade secrets in a much more general sense (theft of corn germplasm). (FSI). Because the government is not required to prove the existence of an actual trade secret[2], the government should not be required to supply the defendant with a bill of particulars identifying, and thereby limiting itself to, such evidence. See also, *United States v. Latimore*, 2009 WL 3876172 (E.D.Mich. 2009), (denying bill of particulars in a theft of trade secrets case given specific nature of indictment and extensive discovery provided to defendant), and *United States v. Groves*, 2013 WL 5592911 (W.D.Ky.)

---

[2] A fact recognized in a later decision by the District Court in *United States v. Liew*, 2014 WL 2586329 (N.D.Cal. 2014) ("the Court concluded that proof of an actual trade secret was not an essential element of the charges for conspiracy, and the jury was instructed of that fact.") *Id.* at 3.

(denying bill of particulars in a conspiracy to convert trade secrets case given specific nature of indictment and discovery provided to defense).

Given the expansive and specific nature of the charges contained in the first superseding indictment, the voluminous discovery provided by the government, and the fact that the government is not required to allege or prove the existence of an actual trade secret to sustain the charges contained in the indictment, the government should not be required to file a bill of particulars in this case.

**CONCLUSION**

For these reasons, the court should deny defendant Mo Yun's motion to for a bill of particulars.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: */s/ Marc Krickbaum*

Jason Griess
Marc Krickbaum
Assistant United States Attorneys
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: marc.krickbaum@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2014, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail ____ Fax ____ Hand Delivery

_X_ ECF/Electronic filing ___ Other means (email)

UNITED STATES ATTORNEY

By: *_/s/ Marc Krickbaum_*
Assistant United States Attorney