IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LI SHAOMING, et al.,<br><br>Defendants. | Criminal No. 4:13-cr-147<br><br>**DEFENDANT MO YUN'S REPLY IN SUPPORT OF HER MOTION FOR A BILL OF PARTICULARS** |

## I. INTRODUCTION

The Government posits that it need not provide a bill of particulars because, it contends, the indictment is legally sufficient on its face, there has been a lot of discovery in this case, and it is not required to prove the existence of an actual trade secret when charging a conspiracy under 18 U.S.C. § 1832(a)(5). In making these arguments, the Government doubles down on the proposition that the vagueness of its allegations somehow saves it from having to provide the information Ms. Mo needs to prepare her defense. Neither the facts and circumstances here, nor the cases cited by the Government in its Opposition, support such a position. Ms. Mo's motion should be granted and the Government should be ordered to provide the requested information.

## II. ARGUMENT

Though the Government claims to have provided "extensive detail" about the intellectual property generally created by the corn breeding process, it still fails to address the central complaint of Ms. Mo's initial motion – that the term "germplasm" is so overly broad and all-encompassing as to provide no meaningful guidance to Ms. Mo about the offense with which she is charged. Indeed, the Government frankly admits that "the allegations against Yun allege a conspiracy to steal trade secrets *in a much more general sense* (theft of corn germplasm)." Opp. at 7 (emphasis added). Allegations of trade secret theft are already rooted in the realm of the ethereal. What constitutes a trade secret, after all, "is based on intangible and evolving concepts and ideas," and defined loosely by what is "generally known" or "readily ascertainable" to the public. *United States v. Hsu*, 40 F.Supp.2d 623 (E.D. Pa. 1999). These problems are only exacerbated by imprecisions or shadowy definitions in an indictment, as we have here.

Nevertheless, the Government contends that it need not be any more specific, citing two cases in support of its position. Both are inapposite. In *United States v. Latimore*, 2009 WL

3876172 (E.D. Mich. 2009), the defendant was charged with stealing a set of confidential documents containing his former employer's costs and supplier strategies. Discovery in that case totaled less than 3,000 pages, and the government was able to isolate for the defense the two-month period in which the information was allegedly stolen. Latimore also was charged with personally selling the offending documents to an undercover agent. Here, Ms. Mo is faced with vague allegations that she participated, from afar and 7 to 8 years ago, in a six-year-long conspiracy to steal undifferentiated intellectual property in the form of "germplasm," which the Government cannot define with any specificity. Discovery in this case comes to well over three terabytes of electronic data, putting it in a different universe altogether from the picayune 3,000 pages in *Latimore*. The other case cited by the Government, *United States v. Groves*, 2013 WL 5592911 (W.D. Ky.) also offers little to compare to Ms. Mo's case. There, the government provided the defendant with a list of the documents alleged to contain trade secrets, and offered to make those documents available for his review before trial.

Indeed, it is *United States v. Liew*, where the court did order a bill of particulars (and that the Government attempts to distinguish), that is precisely on point. There, the trade secret at issue ("Trade Secret 1," defined in part as "the DuPont chloride-route process to manufacture TiO2") was as similarly all-encompassing as "germplasm." It incorporated the entire gamut of processes used by DuPont in the creation of this chemical compound, including the four more specific trade secrets alleged later within the indictment. Just like "germplasm," Trade Secret 1 included both proprietary and non-proprietary components. 2013 WL 2605126, *3 (N.D. Cal. June 11, 2013).[1] As in this case, the government produced massive amounts of discovery related

[1] The Government posits that Trade Secret 1 was defined narrowly, offering that the indictment "not only identifies the specific trade secret by name, it identifies the product containing the trade secret." Opp. at 7. The court obviously disagreed, as it ordered a bill of (footnote continued)

to Trade Secret 1. *Id.* at *8. And even though the *Liew* court found the indictment to have provided constitutionally adequate knowledge of the charges with respect to Trade Secret 1, it still ordered the government to provide a bill of particulars. Moreover, the court did so while fully aware of the government's argument that it was not required to prove an actual trade secret at trial. In fact, the court crafted its order specifically "in light of the fact that these counts charge Defendants with attempt" to require the government to "provide a bill of particulars that sets forth its theory of what Defendants *reasonably believed the trade secret to be*." *Id.* (emphasis added). If the government intended to argue that the defendants reasonably believed only part of the process was a trade secret, the court ordered that it provide all the relevant specifics. *Id.* Ms. Mo respectfully suggests that this Court order similar disclosures here.

As suggested by the ruling in *Liew*, whether or not the Government must prove the existence of an actual trade secret at trial is a different matter altogether from its obligation to produce information material to the defense. *United States v. Hsu*, the Third Circuit case cited by the Government, makes the same point. There, the court denied a defense discovery motion on the basis that defendants' *legal impossibility defense* did not entitle them to unredacted trade secret documents. Nevertheless, it expressly found that defendants might be entitled to that same information as material to some *other* aspect of their defense. 155 F.3d 189, 203-04 (3rd Cir. 1998). It remanded to the district court for its assessment based on the specific facts and circumstances. *Id.* at 204-06 ("we will not decide whether [defendants] have a right to access documents that could conceivably reveal information needed to preserve their rights to a fair trial. Only defense counsel know the precise contours of the defendants' case…"). Far from

---

particulars further defining it. But it is unclear why the Government would argue that a bill of particulars was appropriate where the charging document was *more* specific (*Liew*), but not where the charges are more generalized (this case); common sense dictates the opposite is true.

absolving the Government of responsibility to provide such information, then, *Hsu* actually reaffirms that even in a case charging conspiracy to steal trade secrets, the rules still apply. Ms. Mo seeks this information not as part of any legal impossibility argument but as material to her defense in other ways – including its relevance to knowledge and intent, and to enable her to meaningfully prepare for trial without fear of being whipsawed by the substitution of new theories on the eve of trial. Because so much of the conspiracy is alleged to have been carried out by others, long after Ms. Mo left DBN, clarifying the nature of the charges now is crucial.

Finally, the Government cites *United States v. Krumrei*, 258 F.3d 535 (6th Cir. 2001), in support of its claim that Ms. Mo is not entitled to know the specific security measures allegedly taken by Monsanto, Pioneer and the other seed companies to protect its intellectual property. Opp. at 6-7. That opinion deals with a post-conviction vagueness challenge, not a bill of particulars. But what makes this case particularly inappropriate for consideration here is that it involved a conditional plea in which the defendant acknowledged that the stolen information was proprietary. With that admission in hand, *and on that basis*, the *Krumrei* court determined that "the defendant need not have been aware of the specific security measures." 258 F.3d at 539. Here, of course, there is no such admission, and indeed one of the factors that will be used to assess whether Ms. Mo reasonably believed the information to be proprietary is whether she was aware of any of the security measures the Government alleges were in place. The Government should not be permitted to shortcut its evidentiary obligations under the false pretense that it has somehow already been decided that Ms. Mo believed the information to be proprietary. This is not the first time the Government has attempted to bootstrap its way through requirements of proof in this case, and we do not expect it to be the last. But none of those efforts to circumvent its obligations should be permitted.

## III. CONCLUSION

Judging from the Government's opposition, one cannot help but ask why it is opposing this motion at all. Either it knows what it is charging or it does not. Ms. Mo's arrest and indictment has been devastating; why not tell her exactly what she supposedly did wrong so she can meaningfully defend herself? For all the reasons described above and in the initial motion, this Court should exercise its discretion and order the Government to issue a bill of particulars.

DATED: September 25, 2014

Respectfully submitted,

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: /s/ Terry W. Bird
Terry W. Bird
Gary S. Lincenberg
Peter J. Shakow
Ariel A. Neuman

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email: twb@birdmarella.com
Email: gsl@birdmarella.com
Email: pjs@birdmarella.com
Email: aan@birdmarella.com

**MELLON & SPIES, ATTORNEYS**

By: /s/ Leon F. Spies
Leon F. Spies

312 E. College Street, Suite 216
Iowa City, Iowa 52240
Phone 319-337-4193
Fax 319-337-2396
Email: Spieslegal@aol.com

ATTORNEYS FOR DEFENDANT MO YUN

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2014, I electronically filed the foregoing with the Clerk of Court using the CM EFC system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by ECF/Electronic filing.

Executed on September 25, 2014, at Los Angeles, California.

/s/ Max Mitchell

Max Mitchell
Legal Assistant
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
telephone 310-201-2100