IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LI SHAOMING, *et al.*,<br><br>　　　　Defendants. | Criminal No. 4:13-cr-147<br><br>**DEFENDANT MO YUN'S REPLY TO GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT MO YUN'S MOTION TO SEVER AND TO GOVERNMENT'S REQUEST TO REINSTATE FILING** |

　　　　On October 1, 2014, with no advance notice, the Government withdrew its opposition to Ms. Mo's motion to sever. The unopposed motion should be granted forthwith. Any new argument the Government now wishes to present should be subject to the rules regarding a motion for reconsideration. Instead, on October 3, 2014, the Government filed a self-styled "Request to Reinstate Filings," Dkt. 116, and an unauthorized "Supplemental Response" to the motion to sever, Dkt. 117. Apparently, the unspecified "legal and ethical" considerations that prohibited the Government from opposing the motion at the time of argument on October 1 no longer applied on October 3, though no new facts, information, or explanation have been disclosed to the Court or defense counsel. The Government's second abrupt u-turn in two days is clearly impermissible, and particularly unfair and disingenuous given that it withdrew its oppositions and refused to engage in oral argument at the time set to do so.

Their filings respect neither (i) the five weeks of briefing, preparation for argument, scheduling issues and argument by counsel, (ii) the efforts of the Court to prepare in an orderly fashion to rule on the motion and preserve the integrity of the Court's rules, nor, most importantly, (iii) the rights of the defendant.  The Government's filings should be stricken.[1]

The Government asserts that the motion to sever should be denied because a continuance of the December 1 trial date is "inevitable," Dkt. 117 at 8.  Ironically, any such "inevitability" would result solely from the Government's own failure to provide timely discovery and apparent uncertainty about a case it never should have brought.  The Government has been investigating this case since the middle of 2011.  It first charged Hailong Mo nearly ten months ago.  Ms. Mo was arrested and forcibly separated from her children more than three months ago.  In effect, the Government is arguing that (i) its failure to timely fulfill its basic discovery obligations, (ii) its steps taken to slow down a ruling on the defendant's motions, and (iii) the fact that the defendant intends to file motions in limine make a continuance  "inevitable".  It is precisely because defense counsel feared that something like this would take place that she moved to require the Government to pick a theory of the case with a bill of particulars, to sever the trials and to set firm discovery and pre-trial deadlines.

The United States Attorney has given the Court the impression that  the Department of Justice in Washington, D.C., and not the United States Attorney's

---

[1]  Most of the Government's arguments are simply a rehash of contentions it made in its now-withdrawn oppositions.  As a general matter, though, the Government continues to misstate Ms. Mo's arguments, continues to misunderstand its evidentiary obligations, and attempts to improperly circumscribe the breadth of the Court's discretion when it comes to severance and ordering separate trials.  Ms. Mo will not respond to them point-by-point as they do not refute the arguments made in our prior filings and in court.

Office, is to blame. That may be so, but it misses completely the point. Lost in the shuffle here is that no concern is being given by the Government to the rights of a human being, Ms. Mo, who has suffered the horror and indignity of being arrested in front of her small children. Ms. Mo has a right to a fair and speedy trial in this foreign land so that she can exonerate herself, restore her tarnished reputation, and return home to her family as soon as possible. With her fundamental rights at stake, it should make little difference to the Court whether those responsible hang their hats in Iowa or Washington, D.C.

The one new point by the Government in its supplemental response addresses the discretion of courts to use speedy trial concerns as a basis for severance. The Government does not refute the fact that three published opinions have so held. Instead, the Government simply notes that the facts in those cases were not identical to the facts here and are not Eighth Circuit cases – implicitly acknowledging that the cited opinions demonstrate that courts can and have repeatedly used a defendant's speedy trial rights as a basis for granting severance. Even worse, the Government completely ignores the holding by the United States Supreme Court, in *Zafiro v. United States*, 506 U.S. 534 (1993), where Justice O'Connor stated:

> ***We believe that…a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants***, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and the would not be admissible if a defendant were tried alone is admitted against a codefendant….When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened….Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice….***The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.***

*Id.* at 539 (emphasis added).  In *Zafiro*, the Supreme Court ***declined*** to adopt a bright-line test. *Id.* at 538.  None of the Eighth Circuit cases cited by the Government limit this Court's discretion to grant a severance here, as made clear by *Zafiro*.  In short, as noted in our earlier pleadings, the Court has broad discretion to sever defendants where doing so is in the interests of justice and fairness.

      Here, where the evidence against Ms. Mo is so confined in time and degree, where issues regarding admissibility of evidence against the two defendants differ, where Ms. Mo's need for a speedy trial conflicts with Mr.Mo's need for more time given the much greater volume of documentation relied upon by the government, and where the delay is caused primarily by the Government's dilatory tactics and actions, this Court should exercise its broad discretion and sever the defendants.

      For all the above reasons, Ms. Mo respectfully asks that the Court strike the Government's improper filings, grant Ms. Mo's motion for a bill of particulars, order her trial severed from that of her brother, set that trial for December 1, 2014, and set a briefing schedule for pretrial motions.

DATED:  October 6, 2014         Respectfully submitted,

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By:      /s/ Gary S. Lincenberg
    Terry W. Bird
    Gary S. Lincenberg
    Peter J. Shakow
    Ariel A. Neuman

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email:  twb@birdmarella.com
Email:  gsl@birdmarella.com
Email:  pjs@birdmarella.com
Email:  aan@birdmarella.com

**MELLON & SPIES, ATTORNEYS**

By:   /s/ Leon F. Spies
     Leon F. Spies

312 E. College Street, Suite 216
Iowa City, Iowa 52240
Phone 319-337-4193
Fax 319-337-2396
Email:  Spieslegal@aol.com

ATTORNEYS FOR DEFENDANT MO YUN