IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LI SHAOMING, et al.<br><br>Defendants. | Criminal No. 4:13-cr-147 |

**DEFENDANT MO YUN'S STATEMENT REGARDING THE DEADLINE FOR RESPONSES TO PRE-TRIAL MOTIONS**

Before the Court is a joint stipulation filed on January 9, 2015, regarding discovery and pre-trial motion deadlines (Docket No. 168). As noted in that stipulation, Defendant Mo Yun ("Ms. Mo") and the Government disagree as to the proposed pre-trial motion schedule. Ms. Mo files this statement to explain the nature of this disagreement and to propose a solution for the Court.

The Court has now set Ms. Mo's trial for September 2015. The Government's evidence in this matter is "thin." It has taken several months for the Government to produce discovery it was first ordered to turn over in the spring of 2014, and to date it has failed to produce any additional evidence linking Mo Yun to the alleged conspiracy. For these reasons and others, Ms. Mo has repeatedly

sought an early trial in this matter so that the Government's inability to meet its burden of proof can be made manifest and her innocence can be established.

By September 2015, Ms. Mo will have been apart from her family for more than sixteen months. As suggested in previous filings with the Court, Ms. Mo intends to file one or more pre-trial motions that she believes could effectively dispose of the case against her. It is and has always been Ms. Mo's goal to have those motions heard and decided as quickly as possible, and she intends to file them shortly after the Government certifies that it has produced all the Rule 16 discovery that it was long ago ordered to produce. Pursuant to the recently filed stipulation, the Government has now agreed to do so no later than January 31, 2015.

Under the proposed schedule, even if Ms. Mo's motions are filed in early-to-mid February, they would not be heard until mid-May. Given the potentially dispositive nature of her motions, the meager and distorted evidence against Ms. Mo, and the hardship of family separation she has already endured, that schedule is unfairly burdensome. There is no justifiable reason to require now that Ms. Mo wait longer for resolution of these issues. Instead, she proposes that, absent stipulation or relief from the Court, the Government respond to such motions in accordance with the court's standing local rules. This would put the Court in a position to schedule a hearing as early as March, should its schedule permit.

The motions at issue are in substantial part unique to Ms. Mo. To the extent they implicate her co-defendant Mo Hailong, Ms. Mo will endeavor to coordinate efforts by the defendants to ensure there will be no duplication of effort on the part of the Government or the Court. After Mo Yun's filings, if the Government or Defendant Mo Hailong believe that delayed or coordinated hearings are necessary, either party is free to seek relief from the schedule anticipated here.

The original indictment in this case alleged a conspiracy dating only to 2011, more than two years after Mo Yun left the workforce to be a full-time, stay-at-home mother. The Government changed its allegations in the summer of 2014 to expand the length of the conspiracy only after learning that Ms. Mo, the wife of the Chairman of DBN, was in the USA on vacation with her children. It did so on the thin reeds of questionable and inadmissible evidence. Ms. Mo respectfully submits that she should be permitted to have heard *at the earliest possible date* the question of whether she should be required to remain in this case. She does not ask for extraordinary relief, and does not seek to unfairly disadvantage the Government in responding to her motions. Ms. Mo seeks only to be heard in a timely manner following their presentation to the court. She therefore respectfully asks the Court to set a hearing schedule in accordance with the local rules, as outlined above.

DATED: January 12, 2015

Respectfully submitted,

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: /s/ Terry W. Bird
Terry W. Bird
Gary S. Lincenberg
Peter J. Shakow

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email: twb@birdmarella.com
Email: gsl@birdmarella.com
Email: pjs@birdmarella.com

**MELLON & SPIES, ATTORNEYS**

By: /s/ Leon F. Spies
Leon F. Spies

312 E. College Street, Suite 216
Iowa City, Iowa 52240
Phone 319-337-4193
Fax 319-337-2396
Email: Spieslegal@aol.com

ATTORNEYS FOR DEFENDANT MO YUN

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, I electronically filed the foregoing with the Clerk of Court using the CM EFC system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by ECF/Electronic filing.

Executed on January 12, 2015, at Los Angeles, California.

/s/ Alicia Eastman

Alicia Eastman
Legal Assistant
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone 310-201-2100