IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LI SHAOMING, MO HAILONG, also known as Robert Mo, WANG LEI, WANG HONGWEI, YE JIAN, LIN YONG, and MO YUN,<br><br>Defendants. | Case No. 4:13-CR-147<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT MO HAILONG'S MOTION TO SUPPRESS THE SEARCH OF T-MOBILE FOR GPS LOCATION INFORMATION REGARDING THE CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER (786) 223-3464 |

Defendant, Mo Hailong ("Mr. Mo") submits this reply brief in further support of his March 27, 2015 motion to suppress the fruits of the search of T-Mobile for GPS location information regarding the cellular telephone number (786) 223-3464 assigned and associated with Mr. Mo.

In its April 27, 2015 filing, the government acknowledges that it (1) knew of its obligation to notify Mr. Mo of the GPS tracking of his cell phone (Dkt. No. 290-2 at 22); (2) applied for and received seven orders from Judge Bremer extending the notification deadline prior to Mr. Mo's arrest (*id.* at 22); and (3) "did not have cause to delay notice" to Mr. Mo after January 2014 (*id.* at 23). Yet as soon as Mr. Mo was arrested and began preparing his case, the government admits that it mysteriously forgot this obligation, and then continued to forget for more than a year – until it finally produced the GPS tracking data to Mr. Mo in January of 2015. *Id.* at 23-24.

In its opposition, the government focuses significantly on prejudice, arguing that the Court should not suppress the search because the government's delay did not prejudice Mr. Mo.

*Id.* This argument is wrong. For 18 days during its investigation, the government tracked Mr. Mo's every movement – 24 hours per day, seven days per week. Although such deep intrusion into an individual's privacy can be permissible under law, the government is required to abide by certain rules, including its constitutional and statutory obligations to notify the targeted individual of the tracking. U.S. Const. amend. IV; Fed. R. Crim. P. 41(f)(2)(C). Here, the government failed to do so. And where such failure is intentional or reckless, the search must be suppressed, regardless of prejudice to the defendant. *See United States v. Bieri,* 21 F.3d 811, 816 (8th Cir.), *cert. denied,* 513 U.S. 878 (1994).

The government's opposition is rife with excuses, all of which boil down to "oops." It explains that its failure was a "mistake" (Dkt. No. 290-2 at 22, 23), that it was "not conscious" (*id.* at 23), that it was not "an intentional decision" (*id.* at 22), and that it stemmed from "negligence" (*id.* at 23). These bare assertions of innocent mistake are insufficient. The government offers no facts, in a declaration or otherwise, that explain the flaw in its calendaring system or the circumstances that permitted this "mistake" to endure for more than a year.

Indeed, circumstances suggest that this boils down to more than a mere "mistake." The government's failure to notify Mr. Mo was not an isolated error. Instead, it is just one example of the government's repeated refusal in this case to apprise Mr. Mo of the breathtaking array of investigative techniques used against him. As here, the government unlawfully failed for 21-months to notify Mr. Mo of the GPS tracking of his Honda CR-V vehicle. *See* Dkt. No. 253-5 at 10-11 (Mr. Mo's opening brief in support of this motion). Rather than attempt to justify this nearly identical failure to notify Mr. Mo of the GPS interception of his Honda, the government chose to concede this motion in its April 27 filing and consented to suppression. Dkt. No. 290 at ¶ 2.

The government's pattern of withholding from Mr. Mo notice of its investigative techniques does not stop there. *See* Dkt. No. 233 (Mr. Mo's Motion to Suppress Nine Unlawful Searches) (outlining government's refusal to disclose the legal basis for nine exceedingly invasive searches, including the interception of Mr. Mo's telephone calls, the recording of conversations in automobiles, the interception of Mr. Mo's email messages, and more); Dkt. No. 153 at 2-3, Dkt. No. 194; Dkt. No. 229 (Mr. Mo's Motion to Compel Notice of Evidence Obtained under FISA) (outlining government's refusal to disclose to Mr. Mo which searches were authorized by the FISA court); Dkt. No. 225 (Mr. Mo's Motion for Disclosure of FISA Applications) (outlining government's failure to disclose the legal support for what appears to be extensive FISA interceptions); Dkt. Nos. 153 and 254 (Mr. Mo's Motion to Compel Production of Discovery Materials) (outlining government's refusal to produce basic discovery materials to which Mr. Mo is entitled under Fed. R. Crim. P. 16).

The government arrested Mr. Mo and took him into custody at a time when it was not prepared to comply with its statutory and constitutional obligations toward Mr. Mo. It was not prepared to produce discovery timely. It failed to commence the declassification procedure for the majority of its documents. It was not prepared to arrange for scientific testing of the corn seeds it accuses Mr. Mo of stealing. And it was not even prepared to provide constitutionally required notice to Mr. Mo of its surveillance and investigative techniques. The government has created this mess, and now asks the Court to excuse it as an innocent mistake. This is unacceptable. At minimum, Mr. Mo is entitled to a *Franks* hearing to determine the circumstances surrounding the government's alleged "mistake."

## CONCLUSION

For the foregoing reasons, the Defendant, Mo Hailong, requests that the Court grant his motion to suppress the fruits of the search of T-Mobile for GPS location information regarding the cellular telephone number (786) 223-3464 assigned and associated with Mr. Mo.

WEINHARDT & LOGAN, P.C.

By ______________________
Mark E. Weinhardt AT0008280
Holly M. Logan AT0004710

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
hlogan@weinhardtlogan.com

MARK BECK LAW, A PROFESSIONAL CORPORATION

By ______________________
Mark Beck (Admitted pro hac vice)

350 West Colorado Blvd, Suite 200
Pasadena, CA 91105
Telephone: (626) 234-5334
Email: mbeck@markbecklaw.com
ATTORNEYS FOR MO HAILONG, ALSO KNOWN AS ROBERT MO

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on May 11, 2015, by

- ☐ United States Mail
- ☐ FAX
- ☐ Hand Delivered
- ☐ Electronic Mail
- ☐ FedEx/ Overnight Carrier
- ☒ CM / ECF

Jason T. Griess
United States Attorney's Office
jason.griess2@usdoj.gov

Marc Krickbaum
marc.krickbaum@usdoj.gov

Leon F. Spies
Mellon & Spies
Spieslegal@aol.com

Terry W. Bird
Bird Marella
TWB@birdmarella.com

ATTORNEYS FOR MO YUN

Signature: M Baldus