IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 4:13-CR-00147-7 |
| v. | ) | |
| | ) | |
| MO YUN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MO YUN'S MOTIONS TO JOIN MOTIONS OF DEFENDANT MO HAILONG**

The court should deny defendant Mo Yun's motions to join defendant Mo Hailong's motions. Mo Yun's motions are untimely. Mo Yun lacks standing to challenge the evidence in question. And Mo Hailong's motions are without merit, for the reasons already explained in the government's responses.

## BACKGROUND

The deadline for pretrial motions in this case was March 27, 2015. (Dkt. 175.) On March 26 and 27, defendants Mo Hailong and Mo Yun filed multiple pretrial motions, and the government responded on April 27. On May 8, forty-two days after pretrial motions were due, Mo Yun filed perfunctory motions seeking to join each of Mo Hailong's pretrial motions. Specifically, Mo Yun sought to join Mo Hailong's motions to suppress FISA searches; searches of nine locations or objects; Mo Hailong's post-arrest statements; car stops of Mo Hailong; and searches of Mo Hailong's house, storage locker, email account, iCloud account, car, phone, and

DBN's Florida office. (Dkt. 309-314.)[1]

## ARGUMENT

### I. Mo Yun's motions are untimely.

Mo Yun's motions are forty-two days late. She has not explained why she waited until May 8, well after the government's responses were due, to join Mo Hailong's motions. The court should deny the motions as untimely. *See* Fed. R. Crim. P. 12(c)(3).

### II. Mo Yun lacks standing to seek suppression of evidence.

A defendant has standing to challenge the admission of evidence obtained in violation of the Fourth, Fifth, and Sixth Amendments only if the defendant's own constitutional rights were violated. *See United States v. Salvucci*, 448 U.S. 83, 85 (1980). Fourth Amendment rights, for example, are personal rights, and a person cannot assert them vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of h[er] Fourth Amendment rights infringed." *Id.* at 134.

In the Fourth Amendment context, a defendant only has standing to challenge evidence if she has a subjective and reasonable expectation of privacy in the area searched or the evidence seized. *Minnesota v. Carter*, 525 U.S. 83, 91

[1] This response does not address the motions to suppress FISA searches or the nine searches, which are, or will be addressed in separate filings.

(1998). Mo Yun's reasonable expectation of privacy must be independent of Mo Hailong's. *United States v. Padilla*, 508 U.S. 77, 82 (1993) (per curiam). Mo Yun "has the burden of proving a reasonable expectation of privacy in the area searched," and she must offer, or point to, evidence in the record to establish standing. *United States v. Maxwell*, 778 F.3d 719, 733 (8th Cir. 2015).

Mo Yun's constitutional rights were not violated during Mo Hailong's post-arrest interview[2], or during the car stops of Mo Hailong in Illinois or near Bondurant, Iowa. Mo Yun had no reasonable expectation of privacy in Mo Hailong's Adel storage locker, Yahoo email account, iCloud account, cell phone, or Honda CR-V, and she has presented no evidence of such a reasonable expectation. *See United States v. Sarkisian*, 197 F.3d 966, 986-87 (9th Cir. 1999) (storage locker); *United States v. Macklin*, 902 F.2d 1320, 1330 (8th Cir. 1990) (car); *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (cell phone location).[3]

Mo Yun also had no reasonable expectation of privacy in Mo Hailong's house—Mo Yun lived in China, and there is no evidence she was present at the

---

[2] Mo Hailong's post-arrest statements could be inadmissible against Mo Yun for other reasons, but Mo Yun's motion offers none.

[3] For the Yahoo email account, Mo Yun had no reasonable expectation of privacy with respect to Mo Hailong's emails generally. And she had no reasonable expectation of privacy with respect to emails she sent to Mo Hailong and he received, for the same reason that a letter-writer has no reasonable expectation of privacy in a letter that has been delivered. *See Ray v. Dep't of Justice*, 658 F.2d 608, 610-11 (8th Cir. 1981) (letter); *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001) (email); *accord United States v. Perrine*, 518 F.3d 1196, 1205 (10th Cir. 2008); *United States v. Jones*, 149 F. App'x 954, 959 (11th Cir. 2005); *United States v. Lifshitz*, 369 F.3d 173, 177 (2d Cir. 2004).

house, much less that she had a reasonable expectation of privacy there, any time close to the search. *See Minnesota v. Carter*, 525 U.S. at 90 (noting certain circumstances in which an overnight guest in a home might have a reasonable expectation of privacy). And Mo Yun had no reasonable expectation of privacy in DBN's Florida office. While a person can have a reasonable expectation of privacy in her own office, *see O'Connor v. Ortega*, 480 U.S. 709, 716-17 (1987), there is no evidence Mo Yun had ever been to the Florida office, much less spent considerable time there or had custody of materials there. *See United States v. Allison*, 619 F.2d 1254, 1260 (8th Cir. 1980) (holding that union member did not have standing to challenge search of union hall because he was not present at the time of the search, had no office at the hall, and had no possessory interest in the union's records). Indeed, in other filings, Mo Yun has claimed she stopped working at DBN in late 2008, five years before the search of DBN's Florida office, and, according to the search warrant affidavit, four years before Mo Hailong rented the DBN office space in Florida. (Dkt. 248-1 at 3-4 n.3; Aff. ¶ 48.)

In short, Mo Yun has not presented evidence to demonstrate a reasonable expectation of privacy in any of the locations described above, and she lacks standing to challenge any of the evidence seized.[4]

## III. The court should deny the motions for the reasons in the government's responses.

As the government has explained in its responses to Mo Hailong's motions,

[4] If Mo Yun presents evidence in favor of standing, the government requests an opportunity to respond in a written filing.

the motions are meritless, regardless of Mo Yun's timeliness and standing. The court should deny the motions as to both defendants.

## CONCLUSION

The court should deny Mo Yun's motions to join Mo Hailong's motions.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: */s/ Marc Krickbaum*

Jason Griess
Marc Krickbaum
Virginia Bruner
Assistant United States Attorneys
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: marc.krickbaum@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015 I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail ____ Fax ____ Hand Delivery _X_ ECF/Electronic filing ___ Other means (email)

UNITED STATES ATTORNEY

By: */s/ Marc Krickbaum*
Assistant United States Attorney