IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LI SHAOMING, MO HAILONG, also known as Robert Mo, WANG LEI, WANG HONGWEI, YE JIAN, LIN YONG, and MO YUN<br><br>Defendants. | ) | Case No. 4:13-CR-147<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT MO HAILONG'S MOTION TO SUPPRESS SEARCH OF ICLOUD STORAGE FOR INFORMATION ASSOCIATED WITH IP594@ICLOUD.COM |

Defendant, Mo Hailong ("Mr. Mo") submits this reply brief in further support of his March 27, 2015 motion to suppress the information associated with IP594@icloud.com.

## INTRODUCTION

The government refers to its multi-year investigative assertions (of conduct largely having nothing to do with Mr. Mo) to support its position that it had probable cause to search and seize the content of Mr. Mo's iCloud storage. In reality, this place to be searched had nothing to do with its investigation and the warrant lacked any "fair probability that contraband or evidence of a crime" would "be found in [this] particular place." *See e.g. United States v. Hartje*, 251 F.3d 771 (8th Cir. 2001). In addition, the government failed to follow the letter of the order when it knowingly seized items in contravention of the court order. The evidence should be suppressed.

## ARGUMENT

### I. THE SCANT AND OVERSTATED EVIDENCE IN THE WARRANT DOES NOT AMOUNT TO PROBABLE CAUSE.

The facts in the warrant application quite simply failed to connect the dots between any criminal conduct and Mr. Mo's cloud storage. The fact that Mr. Mo *might* have used a chat application on his phone to communicate with colleagues is insufficient to search a cloud account that *might* have backed up an Apple product, *perhaps* the iPhone, that *might* have held chats at one time.

To make matters worse, the agent overstated even the scant evidence he had. Claiming that he found MSN chat, or instant message, "transcripts" on Mr. Mo's computer is simply not true. *See* Declaration of Mark Weinhardt in Support of Motion to Suppress (Dkt. No. 251) Ex. 33 at ¶ 47 (Search Warrant dated March 26, 2014) (SA Betten swears "there are numerous MSN Chat session transcripts"). There is no evidence that what the FBI found was an MSN file or any other chat application computer file. Dkt. No. 247 at ¶ 6 (Counsel for Mo Yun declaring that no MSN chat transcripts or files exist); Dkt. No. 297 at 2 (government conceding that no actual MSN chat files were found). By the government's own admissions, what it found was only computer files that contained what appeared to be "cut-and-paste" text that purports to have come from chat sessions. (Dkt. No. 297 at 2.)

In another attempt to bolster its minimal facts, the government said it found an iPhone that had been "wiped." (Dkt. No. 290-2 at 24.) But this statement is not supported by the forensic evidence. *See* Supplemental Declaration of Mark E. Weinhardt in Support of Defendant Mo Hailong's Motion to Suppress Warrant Searches ("Weinhardt Supp.") Ex 54, p. 4. Instead, the iPhone was simply locked, and the forensic examiner was not able to get past the locked screen. *Id.* at 5 ("QOM9 is an Apple iPhone 5… The iPhone was locked with a passcode. No

current tools could bypass the lock to be able to examine the phone.") No evidence exists that it was wiped, nor does the forensic chronology say such a thing. Moreover, if the FBI itself caused the "wiping" (for example, by attempting too many incorrect passwords), the affidavit should have made this clear. And if it is not true that the phone was "wiped," saying so was a material misrepresentation.

Mr. Mo never claimed a showing of necessity is required in a Federal Rules of Criminal Procedure Rule 41 warrant application. Instead, he cataloged the ways in which the government might have gone about collecting specific and articulable facts to support a finding of probable cause with respect to the iCloud account. The examples underline the affidavit's shortcomings. The only necessity Mr. Mo asks for, and is entitled to, is the necessity for probable cause.

## II. *FRANKS* VIOLATIONS SUBTRACT FROM THE ALREADY MINIMAL PROBABLE CAUSE.

The Application and supporting Affidavit of SA Mark Betten to Search iCloud Storage Account, dated March 26, 2012 contained significant material misstatements of fact and omissions of material facts. The following *Franks* violations also infect the home and office search warrants and are discussed in the Reply Brief in Support of Defendant Mo Hailong's Motion to Suppress Home and Office Search ("Home and Office Reply") at Sections II(A) and (C):

- SA Betten swore to the court that a farmer saw Mr. Mo in Pioneer's field on May 2, 2012. Weinhardt Decl. (Dkt. No. 251) Ex. 22 (iCloud Search Warrant Application and Affidavit dated March 26, 2014). This was simply not true.

- SA Betten's affidavit attributes criminal intent to Mr. Mo when he purchased corn seed at several retail stores selling Pioneer and Monsanto seeds without signing a grower's agreement. *Id.* In truth, Mr. Mo was never shown such an agreement and never attempted to avoid signing one, and the case agent knew it.

In addition, Mr. Mo reserves the right to argue the issue of the "wiped" phone. Upon hearing the relevant witness testimony at any hearing, Mr. Mo reserves the right to argue how its inclusion in the warrant may be another material misstatement or omission.

In spite of these significant failures on the part of the government, the government hopes the Court will nonetheless permit them to claim that they acted in good faith. But "good faith" cannot save a warrant with *Franks* violations, or one so lacking in probable cause as this. *See* Home and Office Reply at Section V.

## III. THE GOVERNMENT VIOLATED THE TERMS OF THE ORDERS.

The court authorized two items to be seized. This limitation has to mean something. The fact that the evidence is digital does not excuse the government from complying with the court's orders.

Citing no authority, the government claims that to "seize" something means to "use" it; according to the government, retaining non-responsive data (consisting of documents, photographs, etc.) is not, in fact, "seizing" it under the law. (Dkt. No. 290-2 at 25) ("The responsive information is intermingled with the non-responsive information. The government is authorized to seize, that is, use, only the responsive information, but the government has possession of everything Apple provided.") The government's distinction between 'seizure,' on the one hand, and 'use' and 'possession' on the other, is unsupported. Regardless, the government has used the non-responsive material. It has produced the entire content of the iCloud account in discovery, not just to Mr. Mo, but to his co-defendant Mo Yun.

The government hopes this Court will ignore the distinct legal obligations imposed upon them by the order they themselves drafted and proposed. Their warrant was plain: It contained two limited search orders and one limited seizure order. First, Apple was ordered to search its records and produce the entire content of Mr. Mo's iCloud account to the FBI. Second, the order

permitted the government to search for responsive items, and only responsive items, namely: 1) communications between Mr. Mo and individuals identified in trade secret or transportation of stolen property investigations; and 2) records identifying the user of the iCloud account. Weinhardt Decl. (Dkt. No. 251) Ex. 33 (Search Warrant dated March 26, 2014).[1] In executing the order, the government was only permitted to search the files that could contain these items. Last, the government was permitted to seize, and only seize the same two categories. It should not be permitted to continue to "seize," "retain," "possess" or "use" anything else pursuant to this warrant.

The government states that it has no duty to return the non-responsive information. But it certainly cannot keep it; it had no authority to retain the non-responsive information in the first place. The federal government must be required to effectuate seizures lawfully and in accordance with the letter of court orders. *See Marvin v. United States*, 732 F.2d 669, 674 (8th Cir. 1984) ("flagrant disregard for the limitations of the search warrant might make an otherwise valid search an impermissible general search and thus require the suppression or return of all evidence seized during the search").

---

[1] Specifically: "Communications between MO and individuals identified in current, former, or ongoing investigations of these individuals for theft of trade secrets and interstate transportation of stolen property;" and 2) "Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts."

## CONCLUSION

For all the foregoing reasons, the Defendant, Mo Hailong, requests an evidentiary hearing, and, upon said hearing, requests that the Court grant his motion to suppress the evidence obtained from the search of the iCloud account associated with Mr. Mo and maintained by Apple ("IP594@ICLOUD.COM").

WEINHARDT & LOGAN, P.C.

By ______________________
Mark E. Weinhardt AT0008280
Holly M. Logan AT0004710

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
hlogan@weinhardtlogan.com

MARK BECK LAW, A PROFESSIONAL CORPORATION

By ______________________
Mark Beck (Admitted pro hac vice)
350 West Colorado Blvd, Suite 200
Pasadena, CA 91105
Telephone: (626) 234-5334
Email: mbeck@markbecklaw.com

ATTORNEYS FOR MO HAILONG, ALSO KNOWN AS ROBERT MO

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on May 11, 2015, by

- ☐ U.S. Mail
- ☐ FAX
- ☐ Hand Delivered
- ☐ Electronic Mail
- ☐ FedEx/ Overnight Carrier
- ☒ CM / ECF

Jason T. Griess
U.S. Attorney's Office
jason.griess2@usdoj.gov

Marc Krickbaum
marc.krickbaum@usdoj.gov

Leon F. Spies
Mellon & Spies
Spieslegal@aol.com

Terry W. Bird
Bird Marella
TWB@birdmarella.com

ATTORNEYS FOR MO YUN

Signature: ______________________