U. S. Department of Justice
United States Attorney
Southern District of Iowa
Criminal Division

# WEINHARDT & LOGAN

MARK E. WEINHARDT
DIRECT PHONE | 515.564.5270
EMAIL | MWEINHARDT@WEINHARDTLOGAN.COM

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309-2053
Telephone (515) 473-9300
Fax (515) 473-9292

August 5, 2015

**VIA EMAIL (stephanie_rose@iasd.uscourts.gov)**

The Honorable Stephanie M. Rose
U.S. District Judge
United States Courthouse
123 East Walnut Street
Des Moines, IA 50309

RE: *United States v. Li Shaoming, et al.*, Crim. No. 4:13-cr-147

Dear Judge Rose:

The Defendant, Mo Hailong, and the government are writing to the Court jointly in advance of the status conference scheduled in this case for August 6, 2015 at 9:00 a.m. The parties are writing to address the trial date. In the conference call held with counsel on July 29, 2015, this Court indicated an unwillingness to schedule the trial later than October 26, 2015, that is, a six-week continuance from the former trial date of September 14, 2015. The parties are writing to preview their request at the upcoming status conference that this Court schedule the trial to commence in late January or early February 2016.

The parties first wish to make a couple notes about the context in which they make this request. First, a trial date more than two years from the initial criminal charge is by no means unusual in complex prosecutions of this sort. For example, two Chinese nationals were arrested on the same day as Mo Hailong and charged with trade secret theft in the District of Kansas. The parties believe that the Kansas case, though similar, is considerably less complex than Mr. Mo's case. Nonetheless, that case is set for trial on February 16, 2016. *United States v. Zhang and Yan*, Case No. 2:13-cr-201340CM (D. Kan.). The well-known trade secret prosecution in the Northern District of California of Walter Liew went to trial 29 months after he was charged. *United States v. Liew*, Case No. 4:11-cr-00573-JSW (N.D. Cal.).



WWW.WEINHARDTLOGAN.COM

2600 GRAND AVENUE | SUITE 450 | DES MOINES, IOWA 50312 | 515.244.3100

{02035865.DOCX}

Honorable Stephanie M. Rose
August 5, 2015
Page 2

Second, while the Defendants had previously sought to retain the September 14 trial date in this case and had generally pushed for an early trial, that position was to serve the interests of the former Defendant Mo Yun, whose case was, as an evidentiary matter, far, far simpler than Mr. Mo's. While Mr. Mo supported his sister's quest for early resolution, her exit from this case now permits the Mo family to focus on a single goal: adequate trial preparation for Mr. Mo.

The parties have several reasons why they believe that additional time beyond an October trial date is needed to prepare this case for trial. The parties can also offer the Court several reasons why a later trial date will actually save the Court's time, and we suspect, the jury's as well. Some of the reasons why the parties believe additional time is needed to prepare this case adequately for trial are these:

- **Extensive Expert Witness Work.** Even for a trial of this length, this will be an unusually expert-dependent presentation to the jury from both sides. While some supplementation remains, the government has only recently completed the substantial part of its expert and scientific disclosures. The defense is thus only now getting up and running on significant areas of controversy, including issues of plant genetics, agricultural economics, and intellectual property status. The defense additionally expects expert controversies in areas of computer science and Chinese translations. It is a virtual certainty that at least some of the government's evidence will be subjected to pretrial *Daubert* challenges; that may be the case for certain defense experts as well. And the government, once the defendant has had sufficient time for his expert preparation, is entitled to adequate time for preparation of rebuttal testimony. Neither party believes that adequate time exists for pretrial expert preparation/litigation with an October trial date.

- **Legal and Factual Issues Arising From the Second Superseding Indictment.** The Second Superseding Indictment ("SSI") has added additional complex legal and factual issues to a case that already posed significant jury instruction challenges. The parties are attempting to reach agreements regarding certain legal issues and the scope of the government's proof in light of the SSI, but they expect

that the Court will need to make important and intricate decisions in advance of trial, decisions that the Court should have adequate time to address.

- **Information/Documents from the Seed Companies.** Despite the best of intentions, the process of obtaining documents and information from the seed companies is necessarily time-consuming. In recent months that has been true regardless of whether the information is sought by the government or by the defense through subpoenas. The parties expect that the current round of subpoenas is not the end of that process. Information from the seed companies is indispensable to both parties' pre-trial preparations and motion practice.

- **Adequate Time for Mr. Mo's Trial Preparation.** As a record matter, Mr. Mo's attorneys will state that, in order to prepare an adequate defense in light of the timing of various matters, including expert disclosures, he will require more time than an October trial date will permit.

- **Adequate Time for the Court.** The parties understand that this case has already generated substantial work for the Court, and it promises more. Neither party wishes to see the Court rushed in the process of making decisions and issuing written rulings that will greatly affect the course of the trial and the rights of the parties.

The parties heard and understand the Court's concern expressed last week that more time before trial will simply allow for more motion practice and more work on the part of the Court and the parties. The parties respectfully believe, however, that the opposite is true, and that given additional time to work with each other, the parties can spare the Court and even the jury considerable effort. Here is why:

- **Fewer Trial Witnesses.** The parties believe that there are possibilities to stipulate certain witnesses -- foundation and chain of custody witnesses and other witnesses whose testimony is relatively uncontroversial -- out of the case. That can only happen, however, if the parties have adequate time for exchanges of

information in advance of trial, including informal witness interviews. In a rushed pretrial process, the default will be to make the other side call the witness.

- **An Agreed and Orderly Process Regarding Exhibit Objections.** The parties, if they have time, can devote substantial resources to crafting an agreed exhibit list for which many foundation and other evidentiary issues are stipulated, and objections will be clearly flagged in advance. With a September 14 trial date, that prospect was, frankly, hopeless. With an October trial date, the parties still believe it is relatively unlikely.

- **Translations.** Translations from Mandarin will be contested in at least some instances at trial, but the degree of that contest will depend on how much time the parties have to exchange translations and attempt to work through disagreements in advance.

- **More Time = Shorter Motions and Briefs.** It really is true[1] that it takes more time to write shorter works than to write longer ones. With deadlines looming, the parties have so far saddled this Court with some very long -- probably inexcusably long -- briefing in this case. Given an adequate schedule for pretrial activities the rest of the way, the parties are confident they can be much more focused in their advocacy.

- **We'll Get to Work Right Now.** In order to make good on what has been discussed in this letter and not let time slip away if the requested continuance is granted, the parties would agree to meet in person at least every other week commencing as soon as the workload requires and running to the time of trial in order to work through evidentiary and discovery issues and reach as many

---

[1] This has been said so much that we cannot quote a single author for this principle. *See* http://quoteinvestigator.com/2012/04/28/shorter-letter/.

agreements as possible in order to streamline the advocacy for the Court and the jury.

For all of these reasons, the parties respectfully request that the Court give careful consideration to a trial date commencing in late January or early February of 2016.[2] Mr. Mo would agree that all such time before that date would count as excludable time. The parties look forward seeing the Court on Thursday morning.

Yours truly,

/s/

Mark E. Weinhardt
Attorney for Mo Hailong

Sincerely,

/s/

Jason T. Griess
Assistant United States Attorney

MEW/lak

---

[2] The parties note that the Iowa Caucuses occur on the evening of Monday, February 1, 2016. Both parties expect visits from a number of individuals from out of town during the course of the trial. All things being equal, a trial date commencing February 8, 2016 would permit the parties to avoid competition with candidate organizations and the media for hotel rooms, places to eat, and other logistical assistance.

{02035865.DOCX}