IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MO HAILONG, also known as Robert Mo, <br><br> Defendant. | Case No. 4:13-CR-147 <br><br> DEFENDANT MO HAILONG'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE* RE: PRECLUDING QUESTIONING ON MATTERS SUBJECT TO LAW ENFORCEMENT SENSITIVE QUALIFIED EVIDENTIARY PRIVILEGE |

The Defendant, Mo Hailong ("Mr. Mo"), submits his response to Government's Motion in Limine re: Precluding Questioning on Matters Subject to Law Enforcement Sensitive Qualified Evidentiary Privilege.

1. At trial, Mr. Mo does not intend to solicit testimony in the presence of the jury about: (1) the legality of the government's collection of surveillance and investigative evidence; (2) technical specifications of the audio recording devices or GPS devices used by the FBI, to include methods of installation, concealment and location of devices; (3) methods of entering and exiting vehicles during installation, maintenance, or removal of audio recording or GPS devices; (4) training of government witnesses that would reveal sensitive government programs or sources and methods; and (5) the presence of other non-testifying witnesses during the installation, maintenance, or removal of audio recording or GPS devices. In fact, Mr. Mo filed a motion *in limine* that sought to exclude references to precisely the same type of evidence that the government seeks to exclude in its instant motion. Dkt. No. 525.

2. If relevant, Mr. Mo may ask the FBI agents limited questions about some of the evidence listed in the government's motion *in limine* at the January 11, 2016 evidentiary hearing

on pretrial motions or at some other evidentiary hearing outside the presence of the jury. If that occurs, Mr. Mo is willing to share his intentions for such questions the Court *in camera* in advance of the hearing, and he will also consent to seal the courtroom for that testimony. If there is evidence elicited at such a hearing that Mr. Mo believes is relevant to his defense at trial, he will seek leave of Court to offer the evidence at trial, and the parties can address the issue at that time. Mr. Mo's consent to this motion is not meant to waive his right to make that request to the Court.

3. Accordingly, Mr. Mo does not oppose the government's motion *in limine* and asks that the Court preclude either party from discussing the evidence summarized in the government's and Mr. Mo's respective motions on these issues at trial.

WEINHARDT & LOGAN, P.C.

By: /s/ Mark E. Weinhardt

Mark E. Weinhardt      AT0008280
Holly M. Logan      AT0004710

2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Telephone: (515) 244-3100
E-mail: mweinhardt@weinhardtlogan.com
        hlogan@weinhardtlogan.com

MARK BECK LAW, A PROFESSIONAL CORPORATION

By: /s/ Mark Beck

Mark Beck (Admitted *pro hac vice*)

350 West Colorado Blvd, Suite 200
Pasadena, CA 91105
Telephone: (626) 234-5334
E-mail: mbeck@markbecklaw.com

{02039995.DOCX}      2

ATTORNEYS FOR DEFENDANT MO
HAILONG, ALSO KNOWN AS ROBERT MO

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on _____, 2015, by

☐ U.S. Mail                ☐ FAX

☐ Hand Delivered           ☐ Electronic Mail

☐ FedEx/ Overnight Carrier ☒ CM / ECF

Jason T. Griess

Assistant United States Attorney

jason.griess2@usdoj.gov

Marc Krickbaum

Assistant United States Attorney

marc.krickbaum@usdoj.gov

Signature: _/s/ Baldus_____

{02039995.DOCX}                3